IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD BARROW # N-52087,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00800-NJR |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronald Barrow, who is currently incarcerated at Menard Correctional Center ("Menard"), filed a complaint (Doc. 1) that is now before the Court for preliminary review. Also before the Court is Plaintiff's motion for temporary restraining order ("TRO") (Doc. 5). As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. Under the circumstances, the complaint shall be dismissed without prejudice and with leave to amend. Plaintiff's motion for TRO, which incorporates the complaint by reference and contains similar deficiencies, shall be denied without prejudice.

## The Complaint

Plaintiff filed a *pro se* complaint on July 11, 2014 (Doc. 1). The 111-page complaint includes 278 paragraphs. Along with his complaint, Plaintiff filed a 24-page memorandum of law and a 326-page exhibit.[1] Together, these documents total 461 pages.

---

[1] Plaintiff filed a total of 527 pages of documents on July 11, 2014. In addition to those documents listed above, he also filed a cover letter (1 page), a motion and affidavit to proceed without fees or costs (7 pages), a motion for recruitment of counsel (44 pages), a motion for service of process at government expense (1 page), and a motion for temporary restraining order that includes a memorandum of law (13 pages).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 (Doc. 1, p. 1). When doing so, he used the Court's standard civil rights complaint form and indicated that he was only pursuing relief under § 1983 and not the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, or some other law (Doc. 1, p. 1).

The complaint identifies twelve distinct claims against nine defendants for acts or omissions that occurred between 2005 and the present. Defendants include Wexford Health Sources, Inc. ("Wexford"), the Director of the Illinois Department of Corrections ("IDOC"), and seven Menard officials. Plaintiff complains of generally inadequate medical care and excessive copays at Menard. He cites many instances of inadequate medical care at Menard. Examples include a delay in eye surgery resulting in vision loss (2012-present), a delay and/or denial of follow-up surgery to remove scar tissue from Plaintiff's eye(s) (2012-present), a denial of treatment for back pain (2012-present), the failure to refill prescription medications (2005-present), chronic rectal bleeding (2006-present), the misdiagnosis of a transient ischemic attack (2007), a two-month delay in receiving a colonoscopy that resulted in a diagnosis of diverticulosis (2009), an eleven-month delay in obtaining an MRI to diagnose the cause of leg pain (2009), and so on. In addition, Plaintiff asserts a claim for breach of contract and a claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILL. COMP. STAT. § 505, against Wexford. Finally, Plaintiff asserts a retaliation and due process claim against several defendants.[2]

For each of his twelve claims, Plaintiff seeks virtually the same relief, which he repeats twelve separate times. The relief sought includes an injunction terminating the contract between the IDOC and Wexford, prohibiting the renewal of any contract between these two entities, and

---

[2] Plaintiff goes on to note that these claims form the basis of another lawsuit that he intends to file at a later date.

auditing the quality of care provided to inmates. Plaintiff also seeks monetary damages from each defendant, which includes $13.6 million in actual damages and $13.6 million in punitive damages against Wexford.[3]

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, the complaint clearly violates the dictates of Rule 8 of the Federal Rules of Civil Procedure. As set forth above, Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Even when standing alone, the 111-page, 278-paragraph complaint is far from short. However, the complaint does not stand alone. Along with it, Plaintiff filed a 24-page memorandum of law (Doc. 1, pp. 112-135) and a 326-page exhibit (Doc. 8), among other things.

---

[3] In his motion for TRO, Plaintiff seeks immediate medical care, a request which appears to have been inadvertently omitted from the complaint.

Despite its length, the complaint is often vague. Although Defendants are generally identified in connection with each of the twelve claims, the complaint often omits reference to particular Defendants in conjunction with specific acts or omissions that occurred over the course of many years. The Court and Defendants are left to guess who did what—and when.

This style of pleading prevents the Court from conducting orderly litigation, as it is required to do. *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). It also violates the Rule 8 requirement of "a short and plain statement of the claim" by robbing Defendants of any fair notice of the actions that are alleged to be illegal or who was personally involved in each wrongdoing. The Court and Defendants are left "to forever sift through [the] pages" of the complaint and exhibits to determine which allegations are made against each Defendant. *Jenning v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Defendants cannot respond to this type of pleading.

Further, based on the Court's reading of the complaint and by Plaintiff's own admission, Plaintiff may have attempted to bring unrelated claims in a single case. Plaintiff specifically identifies a retaliation and/or due process claim as being appropriate for a separate lawsuit; he even indicates that he intends to file a separate action to address the claim(s). The Seventh Circuit has made it clear that "[u]nrelated claims against different defendants belong in different suits." *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 20(a)(2). This is, in part, to prevent prisoners from dodging filing fees or the three strikes provision in the Prison Litigation Reform Act. *Id*. at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Under Rule 20(a)(2), defendants may be joined in one action only if the Plaintiff asserts a "right to relief . . .

against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Thus, under these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Because Plaintiff's complaint is too lengthy and unclear for either the Court or Defendants to manage, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted. . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation."), *citing Vicom, Inc.*, 20 F.3d at 775-76.

However, Plaintiff shall be granted leave to file an amended complaint. When doing so, Plaintiff should identify the pleading as the "First Amended Complaint" and use this case number to identify the pleading at the time of filing. Plaintiff should present each claim in a separate count. He should specify by name each Defendant alleged to be liable under the count. Plaintiff should be careful to include sufficient facts to demonstrate that each Defendant violated his rights—constitutional or otherwise. Whenever possible, he should also include the date of the alleged act or omission. Plaintiff should indicate whether he is bringing this action pursuant to § 1983 or some other law and be mindful of the fact that certain claims cannot be pursued under § 1983 (e.g., breach of contract claim against Wexford and/or state law claim against Wexford under the Illinois Consumer Fraud and Deceptive Trade Practices Act).[4] Plaintiff *must*

---

[4] Under 28 U.S.C. § 1367, this Court may have jurisdiction to address Plaintiff's state law claims, although they may still be subject to dismissal. *See Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936

refrain from filing unnecessary exhibits and refer to any exhibits in the body of the complaint, where it is possible to do so. He must also bring separate, unrelated claims in separate actions and be aware of the fact that the Court will sever such claims into separate actions. Plaintiff shall be responsible for payment of another filing fee for any severed case.

It is important to note that the events giving rise to many of Plaintiff's claims occurred as far back as 2005. Claims arising from these events may already be barred by the applicable statute of limitations. With this in mind, the Court finds that dismissal of this lawsuit without prejudice and with leave to amend within two weeks of its filing does not prejudice Plaintiff by placing him in a materially different position with regard to an impending statute of limitations deadline. However, Plaintiff should be mindful of the applicable two-year statute of limitations for claims brought pursuant to § 1983 when deciding whether to file a new lawsuit.

**Motion for Temporary Restraining Order ("TRO")**

Plaintiff has also filed a motion for TRO (Doc. 5), which shall be denied without prejudice at this time. The motion, supporting affidavit, and memorandum of law repeatedly refer to the complaint in support of Plaintiff's request for relief. Plaintiff seeks an order: (1) requiring immediate eye surgery (i.e., to remove scar tissue from his right eye and a cataract from his left eye); (2) requiring treatment of his lower back (i.e., through the use of epidural injections, pain medications, surgery, and/or physical therapy), and (3) prohibiting further retaliation by Defendants (Doc. 5, pp. 2-3).

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has

---

(7th Cir. 2008) (where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.)

some likelihood of success on the merits; (2) no adequate remedy at law exists, and (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court cannot adequately assess these factors at this time. The motion for TRO consistently refers to the complaint and largely relies on it to set forth the underlying factual allegations against Defendants. However, as set forth above, the complaint shall be dismissed under Rule 8 of the Federal Rules of Civil Procedure, based on its length and lack of clarity. It would make little sense to allow the motion for TRO to proceed, in light of Plaintiff's regular references to the complaint in the motion for TRO and his general reliance on the complaint to set forth all underlying factual allegations against Defendants. Accordingly, the motion for TRO shall be **DENIED without prejudice** to Plaintiff re-filing an amended motion for TRO along with the First Amended Complaint, or any time it becomes necessary to do so thereafter.

### Motion for Recruitment of Counsel

Plaintiff has filed a motion for recruitment of counsel (Doc. 2), which shall be held in **ABEYANCE** pending the receipt of Plaintiff's amended complaint.

### Motion for Service of Process At Government Expense

Plaintiff has filed a motion for service of process at government expense (Doc. 4), which shall be **DENIED**. This motion is unnecessary. Service shall be ordered on any Defendant remaining in this action after the Court completes its preliminary review of the First Amended Complaint.

**Motion for Clarification of Record**

On July 18, 2014, Plaintiff also filed a motion for clarification of record (Doc. 9), in which he asked the Court to confirm that it received all 527 pages of documents that Plaintiff electronically filed on July 11, 2014. The Court hereby **GRANTS** this motion. The Court received all of these documents. As noted in a docket annotation on July 17, 2014 (Doc. 8), the 326-page exhibit to the complaint has been placed in a folder due to its size.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 5) is **DENIED** without prejudice to Plaintiff re-filing the motion with his First Amended Complaint or any time thereafter.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before August 25, 2014**. Should Plaintiff fail to file an amended complaint within the allotted time, the entire action shall be dismissed, and Plaintiff may incur a "strike." *See* 28 U.S.C. § 1915(g); FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff decides to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the pleading "First Amended Complaint" and use this case number. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting

Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 21, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.07.21 14:18:47 -05'00'

_____
**Hon. Nancy J. Rosenstengel**
**United States District Judge**