IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD BARROW # N-52087,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00800-NJR |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronald Barrow's first amended complaint is, once again, before this Court for consideration (Doc. 17). In an order dated August 28, 2014, the Court severed the vision claim set forth in the first amended complaint into a separate action for prompt consideration of Plaintiff's request for eye surgery (Doc. 19). *See Barrow v. Wexford Health Sources, Inc., et al.*, Case No. 14-cv-941 (S.D. Ill., Aug. 28, 2014). The factual allegations giving rise to that claim are set forth in Paragraphs 114-82 (Doc. 17-1, pp. 16-27) and 292-310 (Doc. 17-2, pp. 15-18) of the first amended complaint (Doc. 19). In its severance order, the Court indicated that the remainder of the first amended complaint had a number of deficiencies that would be addressed in a separate order. This includes Paragraphs 1-113, 183-291, and 311-360 of the amended complaint (Doc. 17). The Court will address this portion of the first amended complaint below.

## Background

On July 11, 2014, Plaintiff filed a 461-page document with the Court, which included a 111-page complaint (Doc. 1, pp. 1-111), a 24-page memorandum of law (Doc. 1, pp. 112-35),

and a 326-page exhibit (Doc. 8). Plaintiff also filed a motion for temporary restraining order, in addition to three other motions (Docs. 2-5).

On July 21, 2014, the Court dismissed Plaintiff's original 461-page submission, after determining that it violated Rule 8(a) of the Federal Rules of Civil Procedure (Doc. 12). The 111-page complaint spanned 278 paragraphs (Doc. 1). It was divided into twelve distinct claims against nine Defendants for acts or omissions that occurred between 2005 and the present. Under the circumstances, the Court determined that the complaint was simply too unwieldy for Defendants to answer. In the same order, however, the Court granted Plaintiff leave to file an amended complaint by August 25, 2014. Plaintiff was given specific instructions for amending the complaint in a manner that cured the deficiencies noted by the Court in its original dismissal order (Doc. 12).

Plaintiff challenged this decision by filing a motion for relief from judgment (Doc. 13). He asked the Court to accept all 461 pages because he deemed them necessary to support his claims. Alternatively, he requested additional time to prepare his amended complaint. The Court denied Plaintiff's request for relief from judgment on August 18, 2014, but granted his request for an extension of the deadline to amend his complaint (Doc. 15). Accordingly, Plaintiff was given until September 24, 2014, to file his first amended complaint.

Plaintiff instead filed the first amended complaint two days later, on August 20, 2014 (Doc. 17). Along with it, he filed a second motion for temporary restraining order (Doc. 21) and supporting memorandum of law (Doc. 20). The Court severed that portion of the first amended complaint and second motion for temporary restraining order addressing Plaintiff's vision claim into a separate action for prompt resolution. *See Barrow v. Wexford Health Sources, Inc., et al.*, Case No. 14-cv-941 (S.D. Ill., Aug. 28, 2014).

Before the Court for consideration at this time is the remainder of the first amended complaint (Doc. 17, ¶¶ 1-113, 183-291, 311-360), that portion of Plaintiff's second motion for TRO which addresses all claims other than Plaintiff's vision claim (Doc. 21), and Plaintiff's motion to stay ruling on remaining first amended complaint (Doc. 22).

**Discussion**

**1.   First Amended Complaint (Doc. 17)**

Like Plaintiff's original complaint, Plaintiff's first amended complaint shall be dismissed. The applicable legal standard is set forth in the Court's original dismissal order (Doc. 12, p. 3) and will not be repeated, in full, here. Even construing the first amended complaint liberally in favor of Plaintiff, a *pro se* litigant, the Court finds that it fails to pass muster under Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(d) requires each allegation within the complaint to "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

In many ways, the first amended complaint strays further from the dictates of Rule 8 than Plaintiff's original pleading. The Court will briefly address some of the more significant deficiencies that it noted when reviewing the pleading. Because of these numerous defects, the first amended complaint shall be dismissed. However, Plaintiff will be given one final opportunity to submit a second amended complaint that cures the defects noted. Failure to address the below-listed problems when preparing a second amended complaint will result in dismissal of this action. Therefore, Plaintiff should carefully consider each of the Court's observations when re-pleading his claims.

First, the first amended complaint is still far too long. It spans 86 pages. It still includes repetitious allegations. Plaintiff separates these allegations into sections entitled "General Facts" (Doc. 17-1, pp. 1-36) and "Counts" (Doc. 17-2, pp. 1-34). However, the allegations in the two sections are often substantively identical. These sections can be consolidated, if necessary, to avoid repeating the same allegations twice. Plaintiff should limit his second amended complaint to 20 pages in length.[1]

Second, the allegations still refer to events that occurred as far back as 2005. An obvious barrier to claims arising from these events is the applicable statute of limitations, which is different for Plaintiff's various claims. A two-year statute of limitations generally applies to § 1983 claims in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011); *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Therefore, claims arising from events that occurred more than two years before Plaintiff commenced this action may be time-barred. In some instances, these allegations simply provide additional examples of an on-going violation. Under such circumstances, the allegations are cumulative and unnecessary. At the early pleadings stage, Plaintiff need not produce an exhaustive chronology detailing each instance when his rights were violated.[2] As the Court has emphasized, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a).

Third, the amended complaint still includes a level of detail that is not necessary at the early pleadings stage. Plaintiff has expanded his allegations from 278 paragraphs in the original complaint to 360 paragraphs in the amended complaint. Plaintiff should only include factual

---

[1] Plaintiff should not attempt to effectively circumvent this page limitation by using a smaller font.
[2] For example, Plaintiff claims that he was consistently denied access to prescription medications over the course of many years. It is not necessary to list each instance when he asked for medication and did not receive it.

allegations that are absolutely necessary to suggest a claim against Defendants. In the second amended complaint, it will not be necessary to include any paragraphs related to the vision claim. This includes Paragraphs 114-82 (Doc. 17-1, pp. 16-27) and 292-310 (Doc. 17-2, pp. 15-18) of his first amended complaint. Plaintiff should go beyond this, however, and eliminate other extraneous or cumulative allegations related to his remaining claims.[3]

Fourth, Plaintiff should eliminate factual allegations against individuals who are not named as Defendants. The first amended complaint lists nine Defendants in the case caption. However, the Statement of Claim regularly refers to other non-parties, including the following individuals: Feinerman, Fahim, Platt, Shepherd, Kinkade, Hale, Gedman, Lehman, Mattocks, Malley, Shecker, Broch, Krieg, Nwaobasi, Fuente, Pollen, Leyland, Alruder, Williams, Els, Unwin, Terrogopula, Corduba, and an unidentified medical technician. It is not clear whether Plaintiff intends to sue these two dozen other individuals or not. Regular reference to non-parties muddles the pleading. To the extent possible, Plaintiff should exclude reference to them.

Fifth, the "Counts" are not numbered correctly. Plaintiff used Roman numerals to refer to each of his separate claims. They increase, then decrease, then increase once again—making it difficult to track Plaintiff's claims. In his second amended complaint, Plaintiff should separately number each "Count" or "Claim," so that the Court and Defendants can easily address them.

Sixth, Plaintiff raises far too many claims, which may necessitate further severance of this action into separate lawsuits. If these claims are severed, Plaintiff will be required to pay an additional filing fee for each action. The thrust of Plaintiff's complaint is against Wexford. Plaintiff seeks an injunction terminating its contract with the IDOC, among other things.

---

[3] For example, in support of Plaintiff's request for an order terminating the contract entered into between the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc. ("Wexford"), Plaintiff discusses, at length, instances when Wexford's contract was terminated in other states.

Setting the Wexford claims aside, Plaintiff goes on to raise a significant number of additional federal and state law claims against the remaining eight Defendants. The Court identified the following additional potential claims: (1) Eighth Amendment deliberate indifference to medical needs claims for no less than twenty-two different conditions (i.e., diverticulosis, misdiagnosed stroke, left leg problem, lower back injury, gastrointestinal reflux, hiatal hernia, knee injuries, shoulder pain, sharp ear pain, trigeminal neuralgia, hypertension, enlarged prostate, heart condition, severe leg cramps, muscle spasms, low iron, low potassium, excessive ear wax, temporary hearing loss, skin spots, chronic headaches, and failure to provide prescription medications) (Doc. 17, pp. 1-31); (2) an Eighth Amendment conditions of confinement claim; (3) a retaliation claim; (4) an excessive co-pays claim; (5) multiple negligence claims; (6) a claim for denial of access to the courts; (7) an Illinois consumer fraud claim; (8) Freedom of Information Act ("FOIA") claim; and (9) breach of contract claim. To assist Plaintiff in narrowing these claims, the Court will decline to exercise supplemental jurisdiction over the state law claims, given the complexity of this lawsuit and Plaintiff's difficulties in drafting a coherent pleading. Plaintiff should therefore eliminate all reference to his Illinois consumer fraud claim, the breach of contract claim, and the negligence claims.

The remaining claims should be properly organized, so that the Court and Defendants can easily address them. By way of example, the Eighth Amendment deliberate indifference to medical needs claims arising from at least twenty-two different conditions do not constitute a single "Count." Each medical condition potentially gives rise to a separate Eighth Amendment claim. The second amended complaint should be organized accordingly.

With these considerations in mind, the first amended complaint shall be **DISMISSED**. However, the dismissal shall be without prejudice to filing a properly drafted and timely second amended complaint, according to the instructions and deadline set forth below.

2.     **Second Motion for Temporary Restraining Order ("TRO") (Doc. 21)**

Plaintiff has filed a second motion for TRO (Doc. 21). The Court already articulated the applicable legal standard for a temporary restraining order and/or a preliminary injunction in its initial dismissal order, and that standard will not be repeated here (Doc. 12, pp. 6-7) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999)).

Plaintiff's second motion primarily addresses his request for eye surgery, and this portion of the motion has already been referred for prompt consideration in the severed action. What is left for consideration in this action is Plaintiff's request for treatment of his lower back disc problem (Doc. 21, p. 1). Plaintiff addresses the issue in a single sentence (Doc. 21, pp. 1-2). Presumably, he is, once again, relying on the facts in the first amended complaint to support his request for relief. In any event, his single sentence allegation, which relies on a deficient pleading, fails to support a request for a TRO at this time.

As explained above, the Court is dismissing the first amended complaint because of its many deficiencies and its lack of clarity. Plaintiff's motion, which necessarily relies on the allegations in the amended complaint, shall also be **DENIED**. However, the denial shall be without prejudice to Plaintiff renewing his request for relief at any time he deems it necessary to do so. He must include any future request for a TRO and/or preliminary injunction under Federal Rule of Civil Procedure 65 in a separate motion that includes sufficient factual allegations to support his request for relief without reference to the complaint.

### 3. Motion to Stay Ruling on Remaining First Amended Complaint (Doc. 22)

Plaintiff has filed a motion seeking a stay of the Court's preliminary review of the first amended complaint, which shall be **DENIED**. The Court deems it necessary to address the deficiencies in the first amended complaint, so that Plaintiff can avoid these pitfalls when preparing his second amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's second motion for a temporary restraining order (Doc. 21), as it relates to his back treatment claim only, is **DENIED** without prejudice.

**IT IF FURTHER ORDERED** that Plaintiff's motion to stay ruling on remaining first amended complaint (Doc. 22) is **DENIED**.

**IT IS ALSO ORDERED** that Plaintiff's first amended complaint (Doc. 17) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file a second amended complaint **on or before Wednesday, October 15, 2014.** Should Plaintiff fail to file his second amended complaint within the allotted time, the entire action shall be dismissed, and Plaintiff may incur a "strike." *See* 28 U.S.C. § 1915(g); FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file a second amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the pleading "Second Amended Complaint" and use this case number. The second amended complaint is limited to twenty pages in length and shall not include any allegations related to the vision claim, which has been severed from this action. It should also exclude all Illinois state law claims. Each claim shall be presented in a separate count, and each count shall specify,

*by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. To the extent possible, Plaintiff shall exclude references to non-parties. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. Plaintiff should refrain from including an exhaustive chronology or filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff another blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a second amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 10, 2014**

Digitally signed by Nancy J Rosenstengel

**NANCY J. ROSENSTENGEL**
**United States District Judge**