IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW # N-52087, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00800-NJR |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. ROBERT SHEARING, DR. ERIC | ) |
| JOHNSON, DR. CHRISTINE | ) |
| LOCHHERD, SALVADOR GODINEZ, | ) |
| KIMBERLY BUTLER, DR. J. TROST, | ) |
| GAIL WALLS, and DR. BAKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court for consideration is Plaintiff Ronald Barrow's third amended complaint (Doc. 30). This Court dismissed two earlier versions of the complaint (Docs. 12, 23) under Federal Rule of Civil Procedure 8, after Plaintiff filed a 461-page initial submission (Doc. 1) and an 86-page amended complaint (Doc. 19). Plaintiff has, on more than one occasion, filed proposed amended complaints before reviewing this Court's orders dismissing earlier iterations of the pleading (Docs. 19, 24). The Court has attempted to simplify this matter for Plaintiff by severing certain claims into a separate lawsuit for expedited handling of the more pressing issues (Doc. 19). *See Barrow v. Wexford Health Sources, Inc., et al.*, Case No. 14-cv-941 (S.D. Ill. Aug. 28, 2014). The Court has also provided Plaintiff with numerous opportunities to re-plead his claims.

For Plaintiff, the third time is the charm. As discussed in detail below, Plaintiff's third amended complaint survives preliminary review under 28 U.S.C. § 1915A, and he shall be

allowed to proceed with his Eighth Amendment medical needs claims against Wexford Health Sources, Inc., Robert Shearing, John Trost, Gail Walls, and Kimberly Butler.[1]

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the third amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations

---

[1] Defendants Dr. Eric Johnson, Dr. Christine Lochherd, Salvador Godinez, and Dr. Baker were administratively dismissed by the filing of the third amended complaint.

of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After reviewing the allegations in the third amended complaint under this standard, the Court finds that it survives threshold review.

### Third Amended Complaint

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a life sentence for murder, among other convictions. He has been housed at Menard since 1985. In his third amended complaint (Doc. 30), Plaintiff claims that Menard officials deprived him of adequate medical care for several chronic health conditions over the course of many years (pp. 8-17). Plaintiff now sues Wexford Health Sources, Inc. ("Wexford"), Robert Shearing (doctor), John Trost (doctor), Gail Walls (nursing director), and Kimberly Butler (warden) for violating his right to receive adequate medical care under the Eighth Amendment. He seeks declaratory judgment, monetary damages, and injunctive relief (pp. 18-20).

According to the third amended complaint, the Illinois Department of Corrections ("IDOC") contracted with Wexford to provide health care staff and services to prisons within the IDOC, including Menard (p. 1). According to Plaintiff, however, Wexford has consistently failed in its duty to provide constitutionally adequate medical care to Plaintiff. This is due, in part, to Wexford's policy, custom, or practice of elevating "cost over care" (p. 8). In order to save money, Wexford routinely refuses to fill critical medical staff positions, delays or denies off-site medical care, and delays or denies prescription refills, among other things. This policy, custom, or practice has allegedly "caused Plaintiff to suffer countless experiences of untimely and inadequate medical care and treatment" (p. 8). The third amended complaint goes on to allege that in order to avoid liability, Wexford structures "its affairs so that no one person is responsible for Plaintiff's health care, solely to make it impossible to pin point responsibility on

an individual" (p. 9). Plaintiff now wishes to proceed against Wexford, based on a *respondeat superior* theory of liability or, alternatively, an unconstitutional policy, custom, or practice of elevating "cost over care."

Plaintiff also generally claims that Wexford, Shearing, Trost, and Walls denied Plaintiff access to his prescription refills (p. 10). Plaintiff suffers from a number of chronic medical conditions, including a back, knee, and shoulder problem and diverticulosis. These conditions necessitate the regular use of medications, including prescription medications. Associated with some of these medications is an increased risk of stroke, heart attack, or death, if the medication is suddenly stopped (p. 11). Despite these risks, Defendants have consistently denied, delayed, or failed to deliver prescription refills to Plaintiff (pp. 11-12).

Defendants have also provided inadequate medical care for Plaintiff's chronic back problem since 2009 (p. 12). After waiting a year for an MRI, Plaintiff was diagnosed with lower back disc damage following an MRI on June 25, 2010. Wexford delayed Plaintiff's referral to an off-site specialist for seven weeks. The specialist recommended physical therapy, epidural steroid injections, pain management treatment, and, if necessary, surgery. Despite these recommendations, Plaintiff never received physical therapy[2] (p. 13). Steroid injections were delayed,[3] and pain medication (*i.e.*, Ultram) was suddenly stopped or denied. Defendants never reviewed Plaintiff's treatment plan or scheduled follow-up testing. As a result, Plaintiff suffered unnecessary back pain from 2009 through 2012. In connection with this condition, Plaintiff also seeks a temporary restraining order (Doc. 28) for a more recent aggravation of this condition, which will be addressed in more detail below.

---

[2] Menard's physical therapist and assistant physical therapist positions were never filled (p. 13).
[3] Plaintiff did not receive the first injection until September 27, 2010, the second until October 14, 2010, or the third until June 2011 (p. 13). It is unclear whether he has received any injections since.

In addition, Plaintiff claims that Defendants failed to adequately treat his chronic rectal bleeding and diverticulosis (p. 14). Plaintiff has suffered from rectal bleeding since 2006. He was not diagnosed with diverticulosis until 2007.[4] Wexford delayed an initial colonoscopy to diagnose the condition for seven months and a follow up colonoscopy to monitor the condition for two years. A specialist recommended a high fiber diet and Metamucil, which Defendants denied (pp. 14-15). As a result, Plaintiff's symptoms worsened, causing Plaintiff to suffer from multiple infections; each time, the infections were allegedly handled with deliberate indifference, including the early termination of antibiotics and inordinately delayed blood testing.

Plaintiff also complains of a chronic knee injury that Defendants failed to treat (pp. 15-16). The injury was not diagnosed for approximately ten years. After Plaintiff received an x-ray and a diagnosis, no physical therapy, pain treatment, or surgery were provided (p. 16). Plaintiff continues to suffer from unnecessary pain and a limited range of movement in his knee.

Finally, Plaintiff complains of a chronic shoulder injury that Defendants failed to treat. Plaintiff waited for a shoulder x-ray for more than a year. When a specialist recommended an MRI to diagnose a possible rotator cuff injury, one was never provided. In fact, Plaintiff alleges that he has received no medical care, treatment for pain, or surgery for the condition. He continues to suffer from unnecessary pain and a limited range of activity.

**Discussion**

The Court now finds it convenient to divide the pleading into six counts, all of which are consistent with Plaintiff's designation of each count in the third amended complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise

---

[4] This diagnosis was confirmed in 2011.

directed by a judicial officer of this Court. The Court's designation of each count should not be construed as an opinion regarding its merits.

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Wexford based on a theory of *respondeat superior* liability or, alternatively, a policy, custom, or practice of elevating "cost over care;"
>
> **Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff access to prescription medications;
>
> **Count 3:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic back injury;
>
> **Count 4:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic rectal bleeding and diverticulosis;
>
> **Count 5:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic knee problem;
>
> **Count 6:** Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for his shoulder problem.

All of the claims in the third amended complaint arise under the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment. Relevant to Plaintiff's claims, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). In order to state a claim, Plaintiff must show that: (1) his medical condition was objectively serious; and (2) state officials acted with deliberate

indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

With regard to the objective component, a serious medical need is one that has either been diagnosed by a physician as requiring treatment or one that would be obvious to a lay person. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); *Gutierrez v. Peters*, 111 F.3d 1364, 1373-74 (7th Cir. 1997). A medical condition is also sufficiently serious if the failure to treat the condition could result in the unnecessary and wanton infliction of pain. *Id*. According to the third amended complaint, each of Plaintiff's medical conditions (*i.e.*, his back injury, shoulder injury, knee injury, rectal bleeding, and diverticulosis) was diagnosed by a physician as requiring further treatment, and Defendants allegedly denied Plaintiff adequate treatment. As a result, he suffered from unnecessary, allegedly on-going, pain. At this stage, the allegations satisfy the objective component of an Eighth Amendment claim.

But the threshold analysis does not end there. In order to demonstrate that an Eighth Amendment violation has occurred, Plaintiff also must satisfy the subjective component of this claim. To do so, he must establish that Defendants knew about and disregarded a substantial risk of harm to Plaintiff. *See Thompson v. Godinez*, 561 Fed. App'x 515, 518 (7th Cir. 2014) (citing *Farmer*, 511 U.S. at 837; *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007)). "Deliberate indifference is conduct that is intentional or reckless and not simply negligent." *Id.* (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

Plaintiff attempts to pursue Wexford under Count 1, based on alternative legal theories. Plaintiff first claims that Wexford was deliberately indifferent to his serious medical needs under

a *respondeat superior* theory of liability. He alternatively claims that Wexford instituted a "cost over care" policy, custom, or practice that deprived him of constitutionally adequate medical care. If applicable to Plaintiff's claims, a theory of liability based on *respondeat superior* could allow him to recover from Wexford for the unconstitutional acts of its employees. Under controlling legal precedent, however, a private corporation *cannot* be held liable under § 1983 "unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself [because] [*r*]*espondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Although the Seventh Circuit in *Shields* questioned whether a private corporation, like Wexford, should be able to take advantage of the holding in *Monell*, the Seventh Circuit did not hold otherwise. *Id.* at 789-96. With that said, the third amended complaint also alleges that Wexford's "cost over care" policy, custom, or practice resulted in Plaintiff's deprivation of health care. Under this latter theory of liability, Plaintiff shall be allowed to proceed with Count 1 (as well as Counts 2-6) against Wexford.

The third amended complaint also supports deliberate indifference claims against Defendants Shearing, Trost, Walls, and Butler (in her official capacity only) under Counts 2-6. With the exception of Defendant Butler, the allegations suggest that each of these Defendants knew about Plaintiff's need for prescription medication (Count 2) and treatment for his back (Count 3), knee (Count 4), and shoulder (Count 5) injuries, yet played an active role in denying Plaintiff access to necessary medical care. Individual capacity claims have been stated against Defendants Shearing, Trost, and Walls based on these allegations. Further, Plaintiff seeks

injunctive relief, making it appropriate to name Menard's warden, Defendant Butler,[5] in her official capacity. Accordingly, Plaintiff shall be allowed to proceed with Counts 2-6 against Defendants Wexford, Shearing, Trost, Walls, and Butler (in her official capacity only) at this early stage in litigation.

In summary, Plaintiff shall be granted leave to proceed with **Count 1** against Wexford and **Counts 2-6** against Wexford, Shearing, Trost, Walls, and Butler (in her official capacity only).

**Pending Motions**

1.  **Motion for Recruitment of Counsel (Doc. 2)**

Plaintiff has filed a motion for recruitment of counsel, which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

2.  **Motion to Alter or Amend Judgment (Doc. 26)**

Plaintiff has also filed a motion to alter or amend judgment (Doc. 26), in which he challenges the Court's order (Doc. 23) dated September 10, 2014. In Doc. 23, this Court dismissed Plaintiff's first amended complaint (Doc. 17) without prejudice under Federal Rule of Civil Procedure 8, *i.e.*, the same rule used to dismiss Plaintiff's original complaint (Doc. 1). The Court based its decision on much of the same reasoning used to dismiss Plaintiff's original complaint (Doc. 12).

Plaintiff now claims that the decision to dismiss his first amended complaint (Doc. 23) was based on a manifest error of law, and he seeks relief under Federal Rule of Civil Procedure 59(e) (Doc. 26, pp. 1-5). More specifically, Plaintiff argues that his first amended complaint should not have been dismissed under Rule 8. All of the factual allegations included

---

[5] Plaintiff does not sue Defendant Butler in her individual capacity, and it would not be appropriate to do so in light of her apparent lack of personal involvement in these alleged constitutional deprivations (p. 5).

therein are, according to Plaintiff, necessary to support his claims against each Defendant. He argues that it is "unfair" of the Court to impose limitations on a second amended complaint, such as the number of pages and state law claims. He also argues that it was erroneous of the Court to mention the statute of limitations for claims brought pursuant to § 1983 or to require Plaintiff to file a separate motion for temporary restraining order focusing only on his request for relief regarding his alleged back problem.

Plaintiff's arguments in support of the present motion to alter or amend judgment (Doc. 26) are not unlike those he raised when challenging the Court's decision to dismiss his original complaint (Doc. 13). In fact, the Court has already articulated the applicable legal standard for analyzing such a motion and, as to the original dismissal order (Doc. 12), explained why dismissal was appropriate (Doc. 15). The Court fully incorporates that discussion herein (Doc. 15).

Further, the Court deems it necessary to again point out that Plaintiff's first amended complaint, in many instances, presents more problems than his original complaint. As previously explained, Rule 8(a) "specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). In contrast, § 1915A sets forth the substantive hurdles a prisoner must clear before proceeding with a claim. If the complaint fails to satisfy either the formal *or* substantive requirements, the Court can dismiss the complaint. Upon review, the Court finds that its decision to dismiss the first amended complaint without prejudice under Rule 8 is legally sound.

At 86 pages and 360 paragraphs in length, Plaintiff's first amended complaint is too unwieldy for Defendants to answer. The pleading contains redundant allegations that clutter and

confuse the pleading. These allegations describe events dating back to 2005. Despite this level of detail, the allegations are often vague. For example, the pleading frequently refers to individuals who are not named as Defendants. It includes lists of medical conditions that have no connection to any specific request for relief. The pleading also mentions a number of state law claims, without setting forth specific allegations in support of each.

In stark contrast to the lengthy first amended complaint (Doc. 17) is Plaintiff's second motion for TRO (Doc. 21). This motion primarily focuses on a vision claim that has been administratively severed into a separate action for handling on an expedited basis. *See Barrow v. Wexford Health Sources, Inc.*, Case No. 14-cv-941 (S.D. Ill. August 28, 2014) (Doc. 4). Plaintiff devotes a single sentence to a request for treatment of a lower back disc problem (Doc. 21, pp. 1-2). He challenges the Court's decision to deny this aspect of the motion and require him to re-file a pleading that clearly sets forth the relief he seeks and the basis for this relief. In his motion to alter or amend judgment, Plaintiff claims, on the one hand, that his 86-page pleading (*i.e.*, the first amended complaint) is sufficient and, on the other hand, his one-sentence request for treatment of back pain in another pleading (*i.e.*, second motion for TRO) is also sufficient. It is difficult to see any consistency in these arguments. Setting this aside, a one-sentence request for back treatment does not support Plaintiff's request for immediate relief, and the Court now finds that the decision to deny that aspect of the second motion for TRO, without prejudice, is legally sound.

Under the circumstances, Plaintiff's motion to alter or amend judgment (Doc. 26) under either Rule 59(e) or 60 must be **DENIED**.

3. **Motion for Leave to File Motion for Temporary Restraining Order (Doc. 27)**

Plaintiff has also filed a motion for leave to file a motion for temporary restraining order, which is hereby **DENIED** as **MOOT**. No motion is required.

4. **Motion for Temporary Restraining Order ("TRO") (Doc. 28)**

Plaintiff has also filed another motion for TRO (Doc. 28). In the latest motion, Plaintiff seeks treatment of his lower back problem. Plaintiff alleges that he has received no treatment for the condition since 2012 and has, consequently, suffered from unnecessary pain (Doc. 28, p. 2). On September 9, 2014, his back problem became worse while on a writ. Plaintiff was required to sit for five hours while handcuffed. As a result, he suffered "severe aggravation of his disc damage" and "severe pain" with any movement (Doc. 28, p. 3). Plaintiff submitted a sick call request the following day and was seen by a nurse on September 15. The nurse told Plaintiff that he would be seen by a physician. Plaintiff received a health care pass to see a nurse practitioner on September 22, but it was cancelled. As of September 29th, he had still not seen a physician. He now requests immediate treatment of the injury.

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff's motion for TRO fails to satisfy this standard. The motion focuses on events that occurred in September 2014, but these events are not mentioned in the complaint. The

motion does not suggest that anyone, in particular, failed to respond to Plaintiff's request for treatment of an aggravated back injury. To the contrary, Plaintiff claims that he was injured on September 9, requested medical attention on September 10, met with a nurse on September 15, learned that he would be scheduled for an appointment with a physician at a later date, received a health care pass to meet with a nurse practitioner in the interim (which was cancelled for reasons unknown to this Court), and had not seen a physician as of September 29. It is not clear whether Plaintiff even attempted to exhaust his administrative remedies with regard to this claim, and it makes no difference to the Court's analysis. The allegations do not establish, or even remotely suggest, deliberate indifference on any Defendant's part.

Further, the only symptom described in Plaintiff's motion is pain with movement. The Court takes complaints of pain very seriously. Plaintiff does not allege, however, that he has requested (or been denied) pain relievers since he aggravated his back injury. Beyond pain, Plaintiff does not indicate how his condition has worsened or how it has impacted his daily activities.

Under the circumstances, the motion for TRO (Doc. 28) is **DENIED**. The denial shall be without prejudice to Plaintiff renewing his request for relief at any time he deems it necessary to do so. He must include any future request for a TRO and/or preliminary injunction under Federal Rule of Civil Procedure 65 in a separate motion that includes sufficient factual allegations to support his request for relief without reference to the third amended complaint.

**Disposition**

IT IS HEREBY ORDERED that all **INDIVIDUAL CAPACITY** claims against Defendant **KIMBERLY BUTLER** are **DISMISSED without prejudice** from this action for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that as to **COUNTS 1, 2, 3, 4, 5,** and **6,** the Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., ROBERT SHEARING, J. TROST, GAIL WALLS,** and **KIMBERLY BUTLER (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the third amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the third amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 2), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 8, 2014**

s/ NANCY J. ROSENSTENGEL
**NANCY J. ROSENSTENGEL**
**United States District Judge**