IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-800-NJR-DGW |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., DR. | ) | |
| ROBERT SHEARING, KIMBERLY | ) | |
| BUTLER, DR. J. TROST, and GAIL WALLS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Plaintiff's Failure to Exhaust his Administrative Remedies filed by Defendant John Trost on January 5, 2015 (Doc. 57) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

*INTRODUCTION*

Plaintiff, Ronald Barrow, is currently an inmate housed at the Menard Correctional Center. He filed a Complaint on July 11, 2014 alleging that Defendants have failed to adequately treat various chronic medical conditions over the course of many years. As an example, Plaintiff claims that Defendants failed to adequately treat a back condition since 2009 –

he waited over a year for an evaluation and the treatment (physical therapy, steroid injections, and pain medication) was either ignored, delayed, or inexplicably cancelled. On October 8, 2014, a threshold Order was entered permitting Plaintiff to proceed on the following claims (Doc. 31):

> Count 1: Eighth Amendment deliberate indifference to medical needs claim against Wexford based on a theory of respondeat superior liability or, alternatively, a policy, custom, or practice of elevating "cost over care;"
>
> Count 2: Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff access to prescription medications;
>
> Count 3: Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic back injury;
>
> Count 4: Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic rectal bleeding and diverticulosis;
>
> Count 5: Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for denying Plaintiff adequate treatment for his chronic knee problem;
>
> Count 6: Eighth Amendment deliberate indifference to medical needs claim against Defendants Wexford, Shearing, Trost, Walls, and Butler for his shoulder problem.

Only one Defendant, Dr. John Trost, has filed a Motion for Summary Judgment on the issue of exhaustion of administrative remedies. On February 12, 2015, a hearing was held pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) in which Plaintiff appeared by video-conference and Defendant appeared by counsel.

### FINDINGS OF FACT

It is undisputed that Defendant John Trost became the medical director of Menard on November 25, 2013.  Plaintiff was not treated by Dr. Trost prior to November 25, 2013 but he had been seen by Dr. Trost a total of four times prior to the *Pavey* hearing (held on February 12, 2015).  Plaintiff admits that he did not file any grievance related to the particular medical care provided by Dr. Trost prior to the filing of the Complaint in this matter.  Finally, Plaintiff indicates that he is very familiar with the grievance process.

Plaintiff argues that he has been complaining about medical treatment since submitting a May 10, 2005 grievance and that he has been continually grieving his medical treatment.  It is undisputed that Plaintiff fully exhausted a grievance, dated July 11, 2013, related to the lack of adequate medical care.  Plaintiff further claims that Dr. Trost had knowledge of his claims because he had reviewed Plaintiff's medical records 8 months prior to suit being filed.  And, Plaintiff speculates that the Administrative Review Board (ARB) must have contacted Dr. Trost about his claims of inadequate medical care because the July 11, 2013 grievance was pending before the ARB while Dr. Trost was the medical director at Menard.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate Athat there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.@ FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005).  The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the

moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is Athe put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.@ *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires

proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See*

42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

The question before the Court is whether, when grieving a continuing failure to provide adequate medical care, Plaintiff must file a grievance that would implicate every healthcare provider against whom he subsequently files suit.[1] This Court has found no Seventh Circuit Court of Appeals opinion directly on point, nor have the parties cited to any such case. Plaintiff argues, however, that because he is alleging a continuing violation, he is not required to file grievances as to each Defendant who provided medical care, presumably from 2005 to the present. Thus, he argues, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). While there is no doubt that Plaintiff is complaining of the continuing lack of medical care, his grievance as to the inadequate medical care provided by a particular Defendant should not be

---

[1] There is no question here that Plaintiff was fully aware of the names and identities of his treatment providers.

imputed to Dr. Trost. The continuing "objectionable condition" must have the same salient facts. A change in treatment provider necessarily changes the conditions of the medical care provided, thus necessitating a new grievance. *See Burt v. Berner*, 2015 WL 1740044 (S.D. Ill. 2015).

There is no question that Plaintiff did not file a grievance regarding lack of adequate medical care after November 25, 2013.[2] Plaintiff has therefore failed to exhaust as to Dr. Trost.[3]

---

[2] Plaintiff testified that while he filed 5 emergency grievances after that date (around December 2013) that may have discussed some medical issues, they did not name Dr. Trost or concern the treatment provided by Dr. Trost.

[3] In his responsive brief (Doc. 66), Plaintiff makes a number of arguments including that Dr. Trost was aware of his medical concerns yet failed to take any action. Dr. Trost's knowledge as to Plaintiff's dissatisfaction with medical treatment by other providers or by himself does not equate to Plaintiff following the grievance procedure. Plaintiff also indicates that the grievance procedure was unavailable to him. This proposition is belied by the fact that Plaintiff has filed hundreds of grievances. Plaintiff further has not established that the grievance process was unavailable as to any grievance related to Dr. Trost's actions. It bears repeating that none of the grievances outlined in Plaintiff's brief, as Plaintiff himself admits, were related to the medical care provided by Dr. Trost. Finally, Plaintiff makes a number of arguments, including that the Illinois Department of Correction's grievance process is unconstitutional, in other motions filed in this action. Those motions will be addressed by separate Order.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on Plaintiff's Failure to Exhaust his Administrative Remedies filed by Defendant John Trost on January 5, 2015 (Doc. 57) be **GRANTED**, that the claims against Defendant John Trost be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 23, 2015**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**