IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-800-NJR-DGW |
| ) | |
| WEXFORD HEALTH SOURCES, INC., DR.) ROBERT SHEARING, KIMBERLY) BUTLER, DR. J. TROST, and GAIL WALLS,) | |
| ) | |
|     Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a number of Motions. The Court has considered the arguments made therein and finds as follows:

**1.  Motion for Clarification filed by Plaintiff on December 31, 2014 (Doc. 56).** The Motion is **DENIED**. It is unnecessary for Plaintiff to request a ruling of pending motions; motions will be dealt with in the order in which they are received and in accordance with the needs of the Court's docket. It is also unnecessary for Plaintiff, without prompting from the Court or a motion, to indicate when and how he is complying with the Orders of the Court. As to Plaintiff's concern regarding the number of discovery requests that are permitted by the Scheduling Order, the limitations are as to each Defendant. To the extent that Plaintiff requires additional time in the prison law library, he should take up such matters with prison authorities.

**2.  Motion as it Relates to Pavey Hearing filed by Plaintiff on January 30, 2015 (Doc. 65).** The Motion is **STRICKEN IN PART AND DENIED IN PART**. This Motion contains lengthy arguments in response to the Motion for Summary Judgment on the issue of exhaustion (Doc. 57) that could have been included in Plaintiff's response to said motion (Doc. 66). To the extent that

this Motion includes such argument, it is hereby **STRICKEN**. Plaintiff also requested subpoenas for various persons to appear at the hearing held on February 12, 2015 pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Plaintiff does not explain who any of the witnesses are or what testimony he expects them to relay. In any event, none of the witnesses listed would have provided any evidence relevant to the issue of whether Plaintiff exhausted his administrative remedies as to Defendant Dr. J. Trost.

3.      **Motion for Clarification and Supplement of Record filed by Plaintiff on February 18, 2015 (Doc. 70).** This Motion is **STRICKEN**. This Motion is merely a supplement to Plaintiff's response to the Motion for Summary Judgment and/or a sur-reply brief in which Plaintiff attempts to raise additional facts and/or legal argument. Local Rule 7.1(c)(2) first provides that: "Under no circumstances will sur-reply briefs be accepted." The Local Rule then provides that: "If a party believes it is necessary to supplement its brief with new authority due to a change in the law or the facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief. To the extent that the Motion is a sur-reply, in support of Plaintiff's response to the Motion for Summary Judgment, it is improperly filed. To the extent that Plaintiff is either seeking permission or filing a supplemental brief, the brief does not contain any indication that there has been a change in the law or that any new facts have been developed.

4.      **Motion for Transcript of Pavey Hearing filed by Plaintiff on March 6, 2015 (Doc. 73).** The Motion is **DENIED WITHOUT PREJUDICE.** Plaintiff may acquire a copy of the transcript of the hearing held on February 12, 2015 by contacting the Clerk of Court and requesting a copy. Plaintiff is informed that the current copying fee is $0.50 per page and that payment will need to be tendered prior to copying. That Plaintiff is proceeding *in forma pauperis*, does not entitle him to a copy of the transcript free of charge.

5.     **Motion for Copy of Docket Sheet and Fee Records filed by Plaintiff on March 9, 2015 (Doc. 75)**.  This Motion is **DENIED AS MOOT**.  Plaintiff indicates that he tendered $5.00 to the Clerk of Court for the copying of the docket sheet and a record of filing fees paid in this case.  The Clerk of Court has received the money voucher and 10 pages of documents were sent to Plaintiff.  If Plaintiff requires more copies of additional documents, he should contact the Clerk of Court with a specific request, the Clerk will calculate the cost, and Plaintiff will be required to tender the amount required prior to any copying.

6.     **Motion for Leave to File Fourth Amended Complaint filed by Plaintiff on March 12, 2015 (Doc. 77)**.  This Motion is **DENIED**.  Federal Rule of Civil Procedure 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires."  Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013).  Plaintiff seeks to amend his Third Amended Complaint to include additional factual allegations and to reinstate state law claims that have been dismissed.  Plaintiff states that he is including additional facts that have occurred since the filing of the Third Amended Complaint.  Rule 8 only requires a brief statement of Plaintiff's claims and does not require extensive factual development.  It is unnecessary, then, to include additional facts in Plaintiff's complaint, especially because he is claiming on-going violations of his constitutional rights.  Those additional facts, if relevant, need only be presented in response to a motion for summary judgment on the merits, or at trial.  Plaintiff also seeks to reinstate state law claims that have been dismissed by the District Court in order to perfect any appeal.   Such an amendment would be futile and is merely an attempt to seek reconsideration, for a fourth time, of the October 8, 2014 Order setting

forth the claims that will proceed in this matter (Do. 31). Finally, the proposed amended pleading is 30 pages in length which is in excess of the 20 page limit set by the District Court.

7. **Motion for Clarification of Record and Issue of Court Order Instanter filed by Plaintiff on March 18, 2015 (Doc. 79).** This Motion is **DENIED.** Plaintiff seeks an interpretation of the Federal Rules of Civil Procedure and an explanation of the discovery requests propounded by Defendants. Both the Rules and the discovery requests speak for themselves. Plaintiff should interpret them to the best of his ability. If Plaintiff requires additional time to respond to the discovery requests, he may contact Defendants for a Rule 29 stipulation or file a motion seeking more time. The Court assumes that Defendants would be amenable to stipulating to a reasonable extension of the response deadlines.

8. **Motion for Relief Instanter for Adequate Access filed by Plaintiff on March 31, 2015 (Doc. 84).** This Motion is **DENIED**. Plaintiff states that he has had inadequate access to the law library and his legal materials. He then goes on to allege that various persons, perhaps including Defendants, are retaliating against him for filing grievances and presumably litigating this case. This Court will not manage the manner in which the prison schedules law library time or what property Plaintiff may have access to and when. Such claims are not a part of this lawsuit. Plaintiff must resolve these issues with the prison authorities who are more familiar with the requirements and policies of the prison. The Court notes that, notwithstanding limited access to the law library, Plaintiff has been able to file papers with the Court and seek relief. To the extent that Plaintiff is unable to timely respond to motions or meet the deadlines of this Court, he may seek reasonable extensions of time.

Plaintiff also requests on Order compelling the prison to transport 18 boxes of legal materials from the "Menard Warehouse" to Plaintiff's cell. Plaintiff represents that these boxes

contain legal papers that were maintained by his former attorney and that they also include medical records that may be relevant to this matter. Plaintiff states that he can acquire the boxes, but that it would cost $500.00 to mail them to himself, which represents a financial hardship. It is unclear to the Court how these documents are relevant to the claims that are before this Court. If the boxes contained medical records, which may be relevant to Plaintiff's claims, it is further unclear how old the medical records are or whether the records would be retained by Plaintiff's treatment providers and could therefore be subpoenaed. Plaintiff has been incarcerated for a significant period of time; therefore, his treatment providers necessarily are confined to those he sees in the prison or outside consultations arranged by the prison. As indicated above, this Court is without the authority to manage the way in which the prison elects handle an inmate's personal property. If the boxes contain legal material related to this case, Plaintiff should so indicate and explain why the documents cannot be found through discovery and how such documents are relevant to the matter at hand.

Finally, if Plaintiff believes that he has been subjected to unconstitutional actions, he may seek redress through the grievance process at the jail and by filing suit. This Court does not construe the motion as one seeking a preliminary injunction or temporary restraining order related to the claims in this case.

**9.    Motion for Leave to File Instanter Plaintiff's Reply filed by Plaintiff on April 15, 2015 (Doc. 86).**     Local Rule 7.1 states that "**Reply briefs are not favored and should be filed only in exceptional circumstances**" (emphasis in original). Plaintiff has set forth no exceptional circumstances that would warrant the filing of reply briefs. This Motion is accordingly **DENIED**. The reply briefs filed (Docs. 87, 88, and 89) are hereby **STRICKEN**. No reply briefs shall be permitted in this matter except by express permission of the Court after a

showing of exceptional circumstances.

To the extent that this Court, in the above rulings, did not specifically address each and every argument put forth by Plaintiff, they are expressly **DENIED** and found to be without merit.

As noted by this Court in Plaintiff's other case (14-cv-941), the manner of Plaintiff's motion practice has the tendency to be burdensome upon the Court and its time. As such, any future motions or responses filed by Plaintiff or Defendants **SHALL** be limited to 8 pages. This page limitation does not apply to motions for summary judgment and responses, which are limited to 20 pages. Plaintiff is further **CAUTIONED** to refrain from clogging the docket with Motions for clarification or for the issuance of Orders. This Court is not obligated to explain the Federal Rules of Civil Procedure to the Plaintiff, to provide legal advice, or to resolve motions within the timeframe demanded by Plaintiff. All matters before the Court will be dealt with as expeditiously as possible and in accordance with the dictates of the Court's docket.

Finally, at the hearing held on February 12, 2015, this Court indicated that it would attempt to recruit counsel for Plaintiff. Upon further reflection and consideration, it has become apparent that Plaintiff is capable of litigating this matter without counsel. Plaintiff appears capable of requesting relief, citing to the appropriate authority, and has an adequate understating of the rules and procedures that govern this matter. Therefore at this juncture the Court will not recruit counsel for Plaintiff.

**IT IS SO ORDERED.**

**DATED: April 23, 2015**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**