IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *RONALD BARROW, #N52087* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 14-cv-00800-NJR-DGW |
| *WEXFORD HEALTH SOURCES, INC., DR.* | ) | |
| *ROBERT SHEARING, DR. JOHN TROST,* | ) | |
| *GAIL WALLS, KIMBERLY BUTLER,* | ) | |
| *WARDEN,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

Before this Court is a Motion for Protective Order filed by Defendant regarding Wexford Health Sources, Inc.'s Contract with the Illinois Department of Corrections, policies, procedures, and documents. The Court, being fully advised in the premises, hereby GRANTS IN PART said motion. This Court hereby enters a Protective Order regarding Wexford Health Sources, Inc.'s contract, policies, procedures, and documents that may be produced during discovery or during trial. A Protective Order is necessary and appropriate pursuant to Fed. R. Civ. P. 26(c), and the Court being otherwise fully advised in the premises, it is hereby ordered:

1.     Portions of Wexford's contract, policies, procedures, and documents contain highly sensitive and proprietary business information that could be very valuable to Defendant Wexford's competitors if publically released. Said copies produced in this action shall be stamped with the phrase "Confidential and Subject to Protective Order" (the "protected documents"), stamped with the case number, with confidential and proprietary information redacted, and shall be protected and given confidential treatment as described in this Order.

2.      These protected documents shall be provided to the Wexford Site Coordinator at Menard Correctional Center and shall not be disclosed to any person except:

       a.      Plaintiff and Defendants' attorney(s);

       b.      This Court and its officers;

       c.      Stenographic reporters;

       d.      Defendants;

       e.      Employees of counsel; and

       f.      Experts retained in this litigation.

3.      The Wexford Site Coordinator shall provide an opportunity for Plaintiff to view and take notes of documents produced pursuant to Plaintiff's requests. Plaintiff shall have the opportunity to view the documents in a locked environment for two hours, after which point the Site Coordinator will retrieve all responsive documents and retain them. At the time that Plaintiff is provided access to the documents, Defendants SHALL FILE with the Court a notice indicating the date and time that Plaintiff reviewed the documents and the number of pages of documents that Plaintiff was provided to review.

4.      Plaintiff may request additional time to view the protected documents. If the Wexford Site Coordinator deems it appropriate, in light of the security considerations of the institution where Plaintiff is incarcerated, Plaintiff may be afforded additional time.  Such time will not be withheld arbitrarily.  Documents will be retained by the Wexford Site Coordinator. If Plaintiff is denied access or additional time and requires additional time to view the documents, he may file a Motion with the Court.  A response to said motion shall be filed within 5 business days.

5.      Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed only to the persons identified in Paragraph 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

6.      Individuals or entities permitted access to protected documents pursuant to Paragraph 3 above are hereby ordered not to show, convey, or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts  or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

7.      Any party may apply to the Court for relief from, or modification of, this Order.

8.      This Order is without prejudice to the rights of any party to (1) object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, or (2) to challenge such confidentiality, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

9.      This Order shall not prevent any of the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

10.      Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy the protected documents.

11.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.

12.     In the event that either party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (With the limited exception of information covered by Local Rule 5.1(d)). When filing the motion to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs.* 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras,* 585 F.3d 1061, 1073 - 76 (7th Cir. 2009).  Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

13.     Anyone with knowledge of the contents of this order shall be bound by its terms.

**IT IS SO ORDERED.**

**DATED: August 14, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**