IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-800-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. ROBERT SHEARING, | ) |
| KIMBERLY BUTLER, | ) |
| GAILS WALLS, and DR. JOHN TROST, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on April 23, 2015 (Doc. 90). Magistrate Judge Wilkerson recommends that the motion for summary judgment on the issue of exhaustion filed by Defendant John Trost on January 5, 2015 (Doc. 57) be granted. Plaintiff Ronald Barrow filed a timely objection to the Report and Recommendation on May 20, 2015 (Doc. 98). For the reasons stated below, the Court sustains Plaintiff's objections and denies the Report and Recommendation of Magistrate Judge Wilkerson.

BACKGROUND

Plaintiff Ronald Barrow, an inmate at Menard Correctional Center ("Menard"), brought this action alleging Defendants have deprived him of adequate medical care for several chronic health conditions since 2005 (Doc. 31). One of the Defendants is Dr. John

Trost, who became the medical director at Menard on November 25, 2013 (Doc. 58-1). Following the Court's threshold review of the complaint, Plaintiff was permitted to proceed against Dr. Trost on claims that the doctor was deliberately indifferent to Plaintiff's serious medical needs by denying him access to prescription medications and denying him adequate treatment for back pain, rectal bleeding, diverticulosis, knee pain, and shoulder pain (Doc. 31).

Dr. Trost filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act (Doc. 58). Specifically, Dr. Trost argues that Plaintiff did not exhaust because he did not submit a grievance that named him or a grievance that related to Plaintiff's purported medical issues at any point after he became the medical director (Doc. 58). In response, Plaintiff argued that because he is alleging a continuing violation, he is not required to file grievances explicitly naming each and every official at Menard who provided him with medical care (Doc. 66).

In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on February 12, 2015 (Docs. 71, 78). Following the hearing, on April 23, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 90). Plaintiff filed timely objections to the Report and Recommendation (Doc. 98).

## THE REPORT AND RECOMMENDATION

In his findings of fact, Magistrate Judge Wilkerson found that Plaintiff has been continually grieving his medical treatment since May of 2005 (Doc. 90, p. 3). He further

found that the most recent, fully-exhausted grievance related to medical care was dated July 11, 2013 (Doc. 90, p. 3). In his conclusions of law, Magistrate Judge Wilkerson agreed with Plaintiff that, because he was grieving a continuing failure to provide adequate medical care, he was not required to file "grievances as to each Defendant who provided medical care, presumably from 2005 and the present" (Doc. 90, p. 6). Magistrate Judge Wilkerson further concluded, however, that the July 11th grievance could not be imputed to Dr. Trost because "a change in treatment provider necessarily changes the conditions of the medical care provided, thus necessitating a new grievance." (Doc. 90, p. 7). Because Plaintiff did not file a grievance related to his medical care after Dr. Trost became medical director on November 25, 2013, Magistrate Judge Wilkerson concluded that he failed to exhaust his administrate remedies as to Dr. Trost (Doc. 90, p. 7).

### PLAINTIFF'S OBJECTIONS

Consistent with his usual practice, Plaintiff has lodged a multitude of objections to Magistrate Judge Wilkerson's Report and Recommendation (Docs. 98). Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F.Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure*

§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

**A. Objections to Findings of Fact**

The Court first turns to Plaintiff's objections related to Magistrate Judge Wilkerson's findings of fact. Plaintiff makes five objections (Doc. 98, ¶¶ 6–10), none of which have any impact on the Court's consideration of the Report and Recommendation.

Plaintiff first objects to Magistrate Judge Wilkerson's finding that he saw Dr. Trost four times between November 23, 2013, and the *Pavey* hearing on February 12, 2015 (Doc. 98, ¶ 6). But Plaintiff does not indicate why that finding is inaccurate or offer any evidence to support this objection. Furthermore, it is clear that this finding of fact is based on Plaintiff's own testimony at the *Pavey* hearing (Doc. 78, p. 4); when asked by Magistrate Judge Wilkerson whether Dr. Trost ever saw him, Plaintiff responded, "I saw Dr. Trost I believe on three occasions, and today would have been the fourth." (Doc. 78, p. 4).

Plaintiff's second objection is to "the limited fact finding" regarding exhausted grievances (Doc. 98, ¶ 7). Magistrate Judge Wilkerson discussed only one exhausted grievance, but Plaintiff insists that he exhausted eleven grievances related to medical issues (Doc. 90, p. 3; Doc. 98, p. 3). The exact number of fully-exhausted grievances, however, is unimportant. The question before the Court is whether a grievance filed prior to Dr. Trost's employment at Menard can serve to exhaust Plaintiff's claims against

the doctor. Whether there was one or there was eleven fully exhausted grievances simply does not matter.

Plaintiff's third objection is to "the limited fact finding" regarding Dr. Trost's knowledge of his claims (Doc. 98, ¶ 8). Magistrate Judge Wilkerson stated that Dr. Trost knew about Plaintiff's complaints because the doctor had reviewed Plaintiff's medical records (Doc. 90, p. 3). Plaintiff claims that he also wrote Dr. Trost three letters, which Magistrate Judge Wilkerson ignored (Doc. 98, p. 3). Again, the question before the Court is whether a grievance filed prior to Dr. Trost's employment at Menard can serve to exhaust Plaintiff's claims against the doctor. What is important is that after the grievance was submitted, Dr. Trost became aware of Plaintiff's complaints and allegedly did nothing to address them. Whether Dr. Trost gained that knowledge in more than one way is of little consequence.

Plaintiff's fourth objection is to Magistrate Judge Wilkerson's finding that Plaintiff "speculate[d]" that the Administrative Review Board (ARB) contacted Dr. Trost regarding the grievance dated July 11, 2013 (Doc. 90, ¶ 9). Plaintiff takes issue with the use of the word "speculates" and claims that Magistrate Judge Wilkerson "ignore[d] the facts of record." (Doc. 98, p. 4 (citing Doc. 70, pp. 4–5)). Those "facts of record," however, are contained within document number 70, which has been stricken. Thus that document is not considered part of the record in this matter, and the Court will not rely on anything contained therein. As a result, Plaintiff has offered nothing other than his own statements to support his objection. The Court will not simply accept Plaintiff's conclusory assertion, particularly because as far as the undersigned is aware, the ARB

does not contact officials from the prison in reaching its decision. Instead, the ARB simply relies on the grievance officer's report and the warden's decision that the prisoner is required to submit with his appeal. And again, the ways in which Dr. Trost gained knowledge of Plaintiff's medical complaints is not important.

Plaintiff's final objection is that "[t]he limited fact findings" in the Report and Recommendation "ignored the extensive facts submitted by Plaintiff as to Trost's failure to meet the burden of establishing that there are no genuine dispute [sic] as to any material facts" (Doc. 98, p. 4). This does not constitute specific objections to the Report and Recommendation as contemplated by Rule 72(b) or Local Rule 73.1(b).

Accordingly, all of Plaintiff's objections to Magistrate Judge Wilkerson's findings of fact are overruled.

## B. Objections to Conclusions of Law

Plaintiff's objections regarding Magistrate Judge Wilkerson's conclusions of law can be boiled down to two main arguments: (1) that Magistrate Judge Wilkerson erred by failing to address his argument that there were no administrative remedies available to him, and (2) that Magistrate Judge Wilkerson erred in concluding that the July 11th grievance did not cover Dr. Trost.

With respect to the first argument, Plaintiff apparently believes that Menard applies the grievance procedures within the Illinois Administrative Code in an uneven, inconsistent, and unconstitutional fashion, which renders the grievance procedure unavailable (*see* Doc. 98, ¶ 13; *see also* ¶ 15). Magistrate Judge Wilkerson did not ignore this argument; he clearly stated that it would be addressed in a separate order, and it

was (Doc. 90, p. 7 n.3; Doc. 91). In that subsequent order, Magistrate Judge Wilkerson chose to strike the argument because Plaintiff did not make it in his original response to the motion for summary judgment (Doc. 91; s*ee* Doc. 66). Instead, Plaintiff tried to sneak it in through other submissions entitled "Motion as Relates to *Pavey* Hearing [Scheduled for February 12, 2015]" (Doc. 65), "Motion for Clarification and Supplement of Record as Relates to *Pavey* Hearing" (Doc. 70), and "Supplement to Plaintiff's Motion for Clarification and Supplement of Record as Relates to Pavey Hearing" (Doc. 74). Magistrate Judge Wilkerson construed these documents as supplements or sur-replies to Plaintiff's response brief, and explained that under the Local Rules, supplements are not permitted without leave of Court (which Plaintiff did not seek), and sur-replies are never permitted (Doc. 91). Accordingly, Magistrate Judge Wilkerson struck Plaintiff's submissions.

Plaintiff argues that striking his submissions that contained his argument regarding the constitutionality of the grievance process deprives him of access to the court and due process of law (Doc. 98, p. 6). That argument is incorrect. District courts have discretion whether to allow amended or supplemental briefs to be filed. *See* SDIL-LR 7.1(c), (g). And it is not an abuse of discretion to disallow a supplemental brief when it raises duplicative arguments or arguments that could and should have been presented in the original response. *See Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 693 (7th Cir. 2008) (striking supplement brief was not abuse of discretion where it discussed case law available at the time original response brief was filed); *Pulliam v. Zimmer, Inc.*, 17 Fed.Appx. 456, 460 (7th Cir. 2001) (refusing to permit amended brief was not abuse of

discretion where proposed brief "merely rehashed arguments he had made earlier or raised issues that could and should have been presented in his original response").

Simply put, Plaintiff should have presented *all* of his relevant arguments in his initial response to Dr. Trost's motion for summary judgment. Instead, he spread them out amongst multiple long-winded submissions. This is a recurring problem with Plaintiff. Plaintiff must learn to present his arguments at the appropriate time and in a concise, non-duplicative manner. SDIL-LR 7.1(d). Magistrate Judge Wilkerson was well within his discretion in striking Plaintiff's submissions containing his argument regarding the constitutionality of the grievance process (Doc. 91).

As for the second argument, the Court must determine whether the July 11th grievance was in fact sufficient to exhaust Plaintiff's administrative remedies as to Dr. Trost. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before bringing a civil rights lawsuit. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002). The goal of the exhaustion requirement is to provide notice to prison administrators of a problem so that they have an opportunity to address it without litigation. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) ("The exhaustion requirement's primary purpose is to 'alert [ ] the state' to the problem 'and invit[e] corrective action.'" (quoting *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004)). Exhaustion is not intended to provide individual notice to each prison official who might later be sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("[Providing] early notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement.") (citing *Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir.

2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")).

Thus it follows that in the event of a continuing violation, an inmate "need not file multiple, successive grievances raising the same issue" so long as the first grievance gave the prison "notice of, and an opportunity to correct, [the] problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *accord Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Johnson v. Johnson,* 385 F.3d 503, 521 (5th Cir. 2004). Relevant case law demonstrates that a previously submitted grievance will suffice to exhaust remedies for future events so long as the prisoner remained in the same situation. That is, the exact same problem continued to reoccur where the staff had already been made aware of and given the opportunity to correct the problem. *See Howard*, 534 F.3d at 1244; *Parzyck,* 627 F.3d at 1218, 1219–20.

The undersigned disagrees with Magistrate Judge Wilkerson that a change in treatment provider always necessitates a new grievance. That may be true when the change in treatment providers is caused by the prisoner's transfer to another institution. *See Burt v. Berner*, Case No. 13-cv-794-NJR-DGW, 2015 WL 1740044, at *4, 5 (S.D. Ill. April 14, 2015) (prisoner needed to file a new grievance for incidents of deliberate indifference that occurred after he was transferred to a different institution); *Jones v. Feinerman,* No. 09 C 3916, 2011 WL 4501405, at *4 (N.D. Ill. Sep. 28, 2011) (continuing violation ended when

prisoner was transferred to a different institution). But it is not true when the prisoner remains at the same institution. *See Parzyck*, 627 F.3d at 1218, 1219. In *Parzyck*, the prisoner filed a grievance complaining about the denial of a promised orthopedic consultation. 627 F.3d at 1218. While the prisoner was in the process of exhausting the grievance, a new Chief Health Officer ("CHO") was appointed at the prison. *Id.* The prisoner again requested an orthopedic consultation, which the new CHO denied. *Id.* The Eleventh Circuit held that the grievance filed before the CHO was appointed was still sufficient to exhaust with respect to him because "it accomplished § 1997e(a)'s purpose by alerting prison officials to the problem and giving them the opportunity to resolve it before being sued." *Id.* at 1219. The prisoner was not required "to file new grievances addressing every subsequent act by a prison official that contributes to the continuation of a problem already raised in an earlier grievance." *Id.* at 1219.

The similarities between *Parzyck* and Plaintiff's situation are obvious. Plaintiff filed a grievance on July 11, 2013, complaining in part about the lack of medical care for his chronic medical conditions, including back pain, rectal bleeding, diverticulosis, knee pain, and shoulder pain (Doc. 58-2, pp. 58–62; Doc. 58-9, pp. 66–68). Before that grievance was fully exhausted, Dr. Trost was appointed Medical Director at Menard.[1] While Plaintiff was in the process of exhausting the grievance, or sometime shortly thereafter, Dr. Trost became aware of Plaintiff's requests for medical care for his chronic conditions but did nothing about them. Therefore, even though the July 11th grievance was filed before Dr. Trost was appointed, it was still sufficient to exhaust with respect to

---

[1] The grievance was fully exhausted when Plaintiff received the ARB's response on April 28, 2014 (Doc. 58-9, p. 58). Dr. Trost was appointed medical director on November 25, 2013 (Doc. 58-1).

him because it alerted prison officials at Menard to the problem and gave them the opportunity to resolve it without litigation. *Parzyck*, 627 F.3d at 1218. Plaintiff did not need to file a new grievance each time his subsequent requests were denied by a new official at Menard. As the Fifth Circuit stated, "It would make little sense to require a prisoner being subjected to a frigid cell to continue to file grievances stating that the cell remains frigid[.]" *Johnson*, 385 F.3d at 521. The same principle applies here.

Accordingly, the Court **REJECTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 90) and **DENIES** Defendant John Trost's motion for summary judgment on the issue of exhaustion (Doc. 57).

**IT IS SO ORDERED.**

DATED: August 24, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**