IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD BARROW,                              )
                                            )
        Plaintiff,                          )
                                            )
    v.                                      )        Case No. 3:14-cv-800-NJR-DGW
                                            )
DR. ROBERT SHEARING and DR. JOHN)
TROST,                                      )
                                            )
        Defendants.                         )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various motions filed by Plaintiff related to discovery in

this matter.[1]

Plaintiff first seeks to issue subpoenas for medical records from the Menard Correctional

Center (in order to secure 7 volumes of his medical records from 1985 to the present and to inspect

the records), the Brain and Spine Institute, St. Joseph Memorial Hospital, St. Elizabeth's Hospital,

St. Louis University Hospital, and Touchette Regional Hospital (Doc. 287).

Plaintiff next seeks to reinstate various discovery related motions that were deemed moot

when counsel was recruited for Plaintiff on October 9, 2015 (Doc. 288).   Those motions include

Documents 112, 128, 134, 136, and 138, all filed between August 14, 2015 and October 6, 2015.

Plaintiff also seeks to compel additional and fuller responses to an April 22, 2016 third

request for production of documents, to which a response was served on May 23, 2016 (Doc. 293,

294).   Plaintiff's counsel moved to withdraw (at Plaintiff's request) and was granted the same on

October 19, 2016 (Doc. 198).   Plaintiff has been proceeding *pro se* since that date.

---

[1] At a pretrial conference held on August 1, 2017, Plaintiff indicated that there were other motions
that require Orders, Docs. 116, 121, 128, and 145.   Those motions will be dealt with by separate
entry.

These motions (Docs. 287 and 288) were filed almost a year after the discovery deadline, 8 months after Plaintiff's counsel withdrew, and less than 3 months prior to trial. They are untimely. Plaintiff's motion to compel additional responses to the third request for production of documents also is untimely (Docs. 294/293). After Defendants served their response to these requests on May 23, 2016, no motion to compel additional responses was filed prior to the discovery deadline.

A decision to reopen discovery and compel additional discovery responses is reviewed for an abuse of discretion. *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). "That discretion is considerable: case management depends on enforceable deadlines, and discovery 'must have an end point.'" *Id.* (quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011)). The discovery deadline in this matter was June 1, 2016 (Doc. 155). Federal Rule of Civil Procedure 6(b)(1)(B) provides that when a motion for extension of time[2] is filed after a deadline expires, the time may be extended upon a showing of "excusable neglect." In order to show excusable neglect, Plaintiff "must demonstrate genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline, in addition to whatever lack of prejudice and absence of delay he can show." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). In considering whether Plaintiff has made such a showing, the Court should weigh the equities and may consider prejudice to the opposing party, the length of delay and how it will affect Court proceedings, the reason for the delay, and whether Plaintiff has acted in good faith. *Id.* Plaintiff has made no such showing. Even if Plaintiff did touch upon these areas and offer some reason why the discovery deadline should be reopened in order for him to conduct additional discovery, this Court cannot find that it would be equitable to

---

[2] Plaintiff's motions plainly seek more time to conduct discovery, either through the subpoena power of the Court, or through motions to compel additional responses, or through his attempt to reinstate motions that have long since been mooted.

do so.

First, Plaintiff seeks to subpoena his medical records and other documents from various healthcare providers, some dating back to 1985. Plaintiff offers no reason why medical records from 1985, or from the other service providers, would be relevant to these proceedings. Plaintiff also offers no reason why these documents were not sought earlier even though Plaintiff himself should be keenly aware of what medical procedures and examinations he underwent from each of the service providers. There is no showing that any of the records sought are related to the conditions that are the subject of this lawsuit. As to the motions that were mooted upon recruitment of counsel, Plaintiff, through counsel, had ample opportunity to reassert those motions in a timely manner (i.e. before the discovery deadline).[3] And, Plaintiff could have sought reinstatement of these motions shortly after counsel withdrew, if indeed Plaintiff believed that his attorney was an impediment to acquiring the discovery that he now believes is necessary (a claim Plaintiff does not make in his motions). Finally, the request to compel additional responses to the third request for production of document is wholly untimely. If Plaintiff were allowed to go on a wide-ranging hunt for new documents at this point in the litigation (after summary judgment has been decided and on the eve of trial), this matter will be indefinitely delayed in order to allow both Plaintiff and Defendants to review the material. Defendants can only be prejudiced by the additional delay in resolution of this matter.

In addition, Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified upon good cause shown. Plaintiff has not indicated what good cause exists to modify the Scheduling Order to allow additional discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(ii) further provides that the Court may limit discovery if "the party seeking discovery

---

[3] In an Order dated October 16, 2014 (Doc. 144), the parties were directed to raise any discovery issues in the subsequent status conferences. No discovery disputes were raised in the subsequent status conferences as reflected in the minutes (Docs. 149, 153).

has had ample opportunity to obtain the information by discovery in the action." The original Scheduling Order was entered on November 19, 2014 (Doc. 52). The exhaustion issue was determined on August 24, 2015 (Doc. 115). The discovery deadline was June 1, 2016 (with a one month extension being granted to conduct depositions) (Doc. 155, 172). As such, Plaintiff had at least 10 months to conduct discovery, a time period sufficient to acquire the documents that he now requests via subpoena from Menard CC and the various hospitals where he was treated. Plaintiff also had ample opportunity to compel additional responses to the third request to produce and to reinstate his other discovery motions filed in 2015.

Plaintiff also seeks (Doc. 292) to unseal documents subject to a Protective Order entered in this matter (Doc. 111). To the extent that Plaintiff has properly objected to the Protective Order pursuant to Federal Rule of Civil Procedure 72(a), those issues will be addressed by the District Court. The documents that Plaintiff seeks to unseal are handbooks, policies, and contracts authored or entered into by Wexford Health Sources, Inc., which is no longer a party to this lawsuit. Such documents have not been filed in this case and are not "sealed." However, the documents are subject to the Protective Order (Doc. 198), were provided by Defendant Wexford *in camera* (Doc. 202), and were considered by the Court on summary judgment (Doc. 240, p. 13 n. 12). These documents do not appear relevant to the current claims in this case and their public disclosure is not necessary for resolution of this matter in this Court. To the extent that Plaintiff seeks to immediately unseal the documents, the request is **DENIED WITHOUT PREJUDICE**.

However, Plaintiff has also filed a Notice of Appeal (Doc. 250) in which he challenges the dismissal of the claims against Wexford on Counts 2-6 and the grant of judgment to Wexford on Count 1. This Court further anticipates that Plaintiff will also seek to appeal this matter once final judgment is actually entered. In order to ensure that the record is complete, Wexford **SHALL** file

the documents produced for *in camera* inspection under seal by **August 9, 2017**. Defendants shall arrange for Plaintiff to view the documents in a manner consistent with paragraph 2 of the Protective Order (Doc. 111) by **August 23, 2017**. If Plaintiff requires additional time to view the documents prior to the entry of final judgment in this matter he may file a motion.

The parties are further informed that the Court is inclined to reconsider the scope of the Protective Order in light of Plaintiff's arguments that the documents have been made public in the prison's law library and/or by operation of law and that the documents are not entitled to be sealed. Defendant Wexford shall address whether all or part of the documents should remain sealed by **August 18, 2017**. Plaintiff may respond by **September 1, 2017**.

Finally, Plaintiff's claim that Defendants have acted in bad faith is wholly without merit and will not be addressed further. To the extent that Plaintiff has sought other relief not specifically addressed in this Order, those requests are **DENIED**.

In sum, the "Motion for Court Review . . ." filed by Plaintiff on June 21, 2017 is **DENIED** (Doc. 287); the "Motion to Reinstate Motions . . ." filed by Plaintiff on June 21, 2017 is **DENIED** (Doc. 288); the "Motion to Unseal Documents . . ." filed by Plaintiff on July 6, 2017 is **DENIED WITHOUT PREJUDICE IN PART and TAKEN UNDER ADVISEMENT IN PART** as set forth above (Doc. 292); and, the "Motion to Compel Disclosures" filed by Plaintiff on July 6, 2017 is **DENIED** (Doc. 294)**.**

**DATED: August 1, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**