IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-800-NJR-DGW |
| | ) |
| DR. ROBERT SHEARING and | ) |
| DR. J. TROST, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 280), which recommends denying the Motion for Preliminary Injunction filed by Plaintiff Ronald Barrow (Doc. 214). The Report and Recommendation was entered on May 19, 2017. Barrow filed a timely objection (Doc. 281).

## BACKGROUND

Ronald Barrow, an inmate at Menard Correctional Center, filed this lawsuit on July 11, 2014, alleging Defendants were deliberately indifferent to his chronic medical conditions including chronic rectal bleeding and diverticulosis, chronic knee and shoulder pain, and chronic lower back pain. Barrow is proceeding to trial on his deliberate indifference claims against Defendants Dr. Shearing and Dr. Trost. Defendant Wexford Health Sources, Inc. ("Wexford") was dismissed from the case on summary judgment (Doc. 240).

On March 12, 2015, Barrow filed his first motion for preliminary injunction

(Doc. 76) complaining that Defendants' deliberate disregard and denial of treatment for his chronic back pain and disc damage, other than a prescription for Tylenol, resulted in daily pain and suffering, limited daily activities, loss of sleep, and the possibility of being subject to permanent disability. In sum, Barrow requested a preliminary injunction ordering Defendants "to provide community standard of care treatment for Plaintiff's lower back disc damage, including an MRI, physical therapy, lumbar epidural steroid injection, pain management with medication and/or surgery if necessary." (*Id.*) Barrow subsequently was appointed counsel and, after a delay due to communications issues with the prison (outside of Barrow's control), counsel indicated Barrow wished to proceed with his motion for preliminary injunction.

After considering Barrow's motion, on March 7, 2016, the Court found that Barrow failed to make a clear showing that he was entitled to injunctive relief (Doc. 164). The Court noted that further discovery through the assistance of Barrow's appointed counsel, as well as any dispositive motions filed in the case, would give the Court a more comprehensive view of the evidence in the matter (*Id.*, p. 3). In any event, Barrow's request for "community standard" medical care goes beyond the requirements of the Eighth Amendment and would require medical treatment Barrow may not otherwise be entitled to receive (*Id.*). Given that Barrow had been appointed counsel and discovery was ongoing, the Court denied the motion without prejudice, granting Barrow leave to refile the motion at a later date.

On January 17, 2017, Barrow refiled that motion *pro se*[1] (Doc. 214). Barrow continues to allege that Defendants have acted with deliberate indifference as to his lower back pain and have denied him adequate medical care, but in his current motion cites to actions taken (or omitted) since November 7, 2016. Specifically, Barrow asserts that he was supposed to receive an injection for pain management on September 26, 2016; however, he was informed the injection would not be given until November 2016. As of the filing of Barrow's motion in January 2017, the injection still had not occurred. Barrow also claims that during a visit on November 18, 2016, Dr. Trost refused to discuss Barrow's serious medical needs, threatened him in retaliation for this lawsuit, decreased his prescription for pain medication, and falsified Barrow's medical records to cover up Dr. Trost's conduct (Doc. 215, p. 3-4). Barrow also claims that a prescription for methylprednisolone was allowed to expire on January 1, 2017, despite Barrow's repeated requests to be seen by Dr. Caldwell (who is not a party to this lawsuit). Barrow seeks an injunction ordering:

> Defendants, their successors, agents, employees, and all person acting in concert with them, to provide community standard of care treatment for Plaintiff's chronic lower back degenerative disc disease, including physical therapy, lumbar epidural steroid injections, adequate pain management with recommended medication, continual monitoring and/or surgery if necessary, and other medical care be provided by health care provider other than Defendant Trost and protective order for any and all retaliation by Wexford Health Sources Inc. and IDOC employees, cease and desist. (*Id.*, p. 6).

In response, Defendants argue that Barrow is not likely to succeed on the merits of his deliberate indifference claim because, under Seventh Circuit law, a difference of

---

[1] Barrow told his appointed attorney he no longer wished to be represented by counsel; accordingly, Magistrate Judge Wilkerson granted counsel's motion to withdraw (Doc. 198). To date, Barrow is proceeding to trial as a *pro se* litigant.

opinion on how a condition should be treated does not give rise to a constitutional violation. Defendants provide a chronology of Barrow's medical care and treatment since July 2016, which includes examinations by outside specialists; prescriptions for pain medications; a referral to an outside pain management specialist as requested by Dr. Trost; an examination by a Nurse Practitioner who found no signs of any nerve root compression but ordered prescriptions for Robaxin and Tylenol; an examination by Dr. Butalid, who ordered Robaxin for one month; a consultation with a specialist at the Brain and Spine Institute in Carbondale, Illinois, who found no significant stenosis or subluxation but recommended a single epidural trial; a follow-up examination by Dr. Caldwell, who ordered Medrol, a steroid medication for inflammation; a referral by Dr. Trost for Barrow to be seen by Interventional Radiology for an epidural steroid injection; and a subsequent exam by Dr. Trost where Dr. Trost noted Barrow's Medrol was continued as prescribed and reordered Robaxin 500 mg three times a day.

Defendants also argue that Barrow has an adequate remedy at law, namely, a final determination on the merits of Barrow's case, and that Barrow will not suffer irreparable harm absent injunctive relief because he has continued to receive consistent care and treatment for his chronic back pain. Finally, Defendants argue that the "balance of equities" is in their favor and that granting preliminary relief in this case is not in the public interest.

### CONCLUSIONS OF THE REPORT AND RECOMMENDATION

On April 7, 2017, Magistrate Judge Wilkerson entered an order noting that, as of March 24, 2017, Dr. Trost is no longer employed by Wexford as the medical director of

Menard. As a result, he no longer provides Barrow with medical care, nor does he have access to Barrow's medical records. Furthermore, Barrow is not seeking any injunctive relief from Dr. Shearing, who stopped treating Barrow in 2013. Thus, Magistrate Judge Wilkerson asked the parties to file supplemental briefs discussing Rule 65(d)(2) of the Federal Rules of Civil Procedure, which states that an order granting an injunction binds only the parties, the parties' officers, agents, or employees, and "other persons who are in active concert or participation" with the parties or the parties' officers, agents, or employees. FED. R. CIV. P. 65(d)(2).

After consideration of the parties' supplemental briefs, Magistrate Judge Wilkerson entered his Report and Recommendation (Doc. 280). Magistrate Judge Wilkerson found that neither Dr. Trost nor Dr. Shearing are capable of performing any injunctive relief that may be ordered since they no longer provide medical care to Barrow. As such, any injunction ordering specific medical care would necessarily have to be directed to someone other than Dr. Trost or Dr. Shearing, and an injunction ordered against a non-party would be a nullity. Even if it would not be a nullity, there is no non-party to this action who acted in concert or in privity with Dr. Trost and, thus, could be bound by an injunction under Rule 65(d)(2)(C). Therefore, even if an injunction were to issue, it would not be enforceable. Accordingly, Magistrate Judge Wilkerson recommended that the motion for preliminary injunction be denied.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b);

SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify, in whole or in part, the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

Barrow's objection to Magistrate Judge Wilkerson's Report and Recommendation makes several points. Among other things, Barrow takes issue with Magistrate Judge Wilkerson's refusal to consider any facts related to his medical treatment prior to November 7, 2016, his refusal to consider facts related to Wexford, and his refusal to consider the procedural history of this motion. He also asserts he has no adequate remedy at law, as demonstrated by the denial of his motion for Rule 54(b) certification of the Court's summary judgment order, the movement of the trial date, and the Seventh Circuit's refusal to accept his interlocutory appeal.[2]

Having reviewed the record, the briefs, Magistrate Judge Wilkerson's Report and Recommendation, and Barrow's objection, the Court agrees with Magistrate Judge Wilkerson that an injunction should not issue.

First, the Court notes that Barrow seeks an injunction ordering care to be provided by someone other than Dr. Trost. Since Dr. Trost is no longer at Menard, Barrow has already received part of the requested relief. Barrow also seeks an order

---

[2] After requesting jurisdictional briefing, the Court of Appeals recently dismissed Barrow's interlocutory appeal.

protecting him from retaliation by Wexford or the Illinois Department of Corrections ("IDOC"). Neither of these entities is a defendant, however, and Barrow has no retaliation claim in this case. Thus, a protective order against Wexford or IDOC would be inappropriate in this instance. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Second, Barrow seeks an injunction ordering "Defendants, their successors, agents, employees, and all person acting in concert with them, to provide community standard of care treatment for Plaintiff's chronic lower back degenerative disc disease, including physical therapy, lumbar epidural steroid injections, adequate pain management with recommended medication, continual monitoring and/or surgery if necessary, and other medical care." As the Court stated in its Order of March 7, 2016, asking the Court to order "community standard of care treatment" goes beyond what is required by the Eighth Amendment. As Barrow surely has learned, prisoners are not entitled to demand specific care or even "the best care possible;" rather, they are entitled only to "adequate medical care." *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

Furthermore, in "suits involving prison conditions, a district court must narrowly tailor any prospective relief or injunction to what is necessary to correct a specific harm using the least-intrusive means." *Santiago v. Walls*, 196 F. App'x 416, 417 (7th Cir. 2006) (citing 18 U.S.C. § 3626(a)(1), (2); *Jones–El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004)). Directing prison employees to give Barrow "community standard of care treatment" and

requiring a broad range of medical procedures without specific evidence of their necessity is hardly the least intrusive means. And, the care Barrow has received to date, as outlined by Defendants in their chronology of his treatment, does not suggest that a broad injunction to provide "community standard of care treatment" is necessary to correct any specific harm.

Finally, as explained by Magistrate Judge Wilkerson in his Report and Recommendation, a preliminary injunction only binds parties, their officers, agents, or employees, and "other persons who are in active concert or participation with" the parties or their officers, agents, or employees. FED. R. CIV. P. 65(d)(2). A preliminary injunction can also bind non-parties in "privity" with Defendants, but only those who are "so identified in interest" with Defendants that it is reasonable to conclude that their "rights and interests have been represented and adjudicated in the original injunction proceeding." *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 849 (7th Cir. 2010) (internal quotation and citation omitted). A court "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who acted independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13 (1945).

By asking that Defendants' successors[3] be bound by a preliminary injunction, Barrow is essentially asking for the Court to bind those in privity with Defendants. Yet Barrow has not identified any successor of Dr. Trost who has failed to provide proper

---

[3] Barrow does not allege Defendants themselves have any employees or agents, or that any non-party acted in concert with Defendants.

treatment for his medical issues, nor has he explained how any such person is so identified in interest with Dr. Trost that his or her rights could be deemed represented in this proceeding. Thus, the motion for preliminary injunction must be denied.

The Court is mindful of the procedural history of this motion. The Court denied Barrow's first motion for preliminary injunction, with leave to refile once additional discovery was complete. By the time Barrow's second motion was reviewed by Magistrate Judge Wilkerson, Dr. Trost was no longer providing Barrow's care. Barrow had an opportunity, however, at the invitation of Magistrate Judge Wilkerson, to brief the issue of whether injunctive relief was still possible after the departure of Dr. Trost. Barrow's response largely was unresponsive to the issue at hand, except to argue that Wexford was erroneously dismissed and continues to be responsible for providing his care and treatment. Barrow's failure to show that anyone acted in concert with Dr. Trost or is otherwise in privity with Dr. Trost requires that his motion for preliminary injunction be denied.

## Conclusion

For these reasons, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 280) and **DENIES** the Motion for Preliminary Injunction filed by Plaintiff Ronald Barrow (Doc. 214). All objections to the Report and Recommendation are **OVERRULED**.

**IT IS SO ORDERED.**

DATED: September 5, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**